Judge Mills
delivered ihe opinion of the Court.
In the month of October, 1821, the defendant in error purchased of the plaintiffs a quantity of property sold at public auction, by said plaintiffs, as administrators of David Taylor, deceased, and executed his note for the amount, with security. On the day this note became due, he tendered the amount of it in paper, on the bank of the Commonwealth, alleging that the contract was made for that kind of currency. The plaintiffs in error declined, or refused, to receive the amount, alleging that they were acting for orphans, and the contract was not for hank paper.
Sometime afterwards the plaintiffs agreed to receive bank paper, and demanded it of the defendant, w'10 idled to pay it, alleging that he had it not, hut would shortly get it; but on his failing to do so, the plaintiff in error brought suit on the note, and recovered judgment, and added thereto an agreement on record, to receive paper on the baric of the Commonwealth, or bank of Kentucky, for the full amount.
Execution issued, endorsed accordingly, and the debt was replevied for three months.
The defendant in error then filed thisbill to scale the demand one half, alleging that the contract was for paper, and that the note was drawn simply for dollars; and that when the note became due, and the tender was made, the exchange between gold and silver coin, and the bank paper, was at the rate of two of the latter for one of the former.
The plaintiffs in error answered, admitting that the contract was for bank paper, and relying upon their subsequent offer to receive the paper, and a demand of it; their entry on record, and indorsement of their willingness to receive it, that they are still willing, hut cannot get the paper, and insist that *37 the complainant ought to be compelled to bring the money into court, which he had failed to do.
Decree of the Circuit Court
Where the plaintiff in a judgment at la '.v recovered on an obligation, for money, given on a contract for oank notes, enters a; fiie foot of the judgment lie will ‘‘oceive the banknotes, and so endorses the execution, the defendant has no grounds for a bill in equity.
Turner and Breck, for plaintiff; Caperlon, for defendant.
The court below granted an injunction to one half the principal, and all the interest and costs at law, and gave costs in equity; to reverse which this writ of error is prosecuted.
We cannot perceive any equity in the complainant’s case. His bill is a mere struggle to get at the >rcry equity which was offered to him; or it is JYihcr an attempt to get clear of the specific performance of the contract, and bind the defendants to take one half the demand in specie, without costs or interest, and thus to commute the real contract for that sum, and avoid the appreciation of the paper.
If he pretends to avail himself of the plea of tender in equity, because he could not make it at law, he ought to be held to as great strictness, as he would be held to at law. We need not here enquire whether he would, or would not, be bound in a court of law, to bring the bank paper into court. For if lie would, he must do so in equity, and has failed, and his tender is for that cause a bad one. If he would not, then the bank notes, when tendered, like other cumbrous commodities, would become the proper goods and chattels of the debtor, and the tender need not be pleaded with a constant readiness, and of course, he has been guilty of using and disposing of so much bank paper belonging to the defendants in error, and must be bound to account for its present value, with damages for its conversion and detention, and that is all the proceedings at law attempt to charge him with; and he is, therefore, on either ground, entitled to no relief.
The decree must be reversed, with costs, and the cause be remanded, with directions there to dissolve the injunction, and dismiss the bill with costs and damages.